**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Lee Tucker and Gail Tucker,<br><br>    Plaintiffs,<br><br>vs.<br><br>Don Verrett, et al.,<br><br>    Defendants. | No. CIV 17-192-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are the Motion to Dismiss for Failure to State a Claim (Doc. 20), the Motion to Conduct Discovery Prior to the Time Specified in the Rule 26(d) and Request Leave of the Court to Extend the Time to Serve Unknown Defendant John Doe and Dismiss Defendants Janes Does (1-10) without Prejudice (Doc. 27), the Motion for Leave of the Court to Attach Audio Recording as an Exhibit to Plaintiff's Response to State Defendants' Motion to Dismiss (Doc. 29), the Request Leave of the Court for an Order to extend Deadline to File Response to State Defendants' Motion to Dismiss (Doc. 34), the Motion for Ruling on State Defendants' Sovereign Immunity Defense (Doc. 36), and the Motion to Deem Plaintiffs' Motion for Ruling as Response to Defendants' Motion to Dismiss; Motion to Extend Time to Reply if Plaintiffs' Motion Deemed a Response; Motion for Plaintiffs to Comply with Court Rules (Doc. 38).

I. *Procedural Background*

On April 28, 2017, Steven L. Tucker ("Tucker") filed a Complaint for Violation of Civil Rights (Doc. 1) against Don Verrett, Nikki Studer, Pam Jensen, John March, CO II

1 Ratkevick, CIU Zormier, Maureen Rodriguez, Charles Ryan, the Arizona Department of
2 Corrections ("ADC"), the State of Arizona ("the State"), John Does, and Jane Does
3 (collectively, "State Defendants"). Each of the personally named Defendants were sued in
4 both their individual and official capacities. On June 20, 2017, a First Amended Complaint
5 ("FAC") was filed by Tucker and Gail Tucker (collectively, "the Tuckers"). The FAC
6 named the same defendants. As summarized by State Defendants:

> On June 20, 2017, the Tuckers filed their twenty-eight-count First Amended Complaint. (Dkt. 5.) Steven Tucker alleges that the conditions of his supervision and release during his parole were nullified and, as such, these restrictions were unlawfully imposed. (*Id.*, ¶¶ 33-46.) He alleges that the State Defendants searched his home for a compliance check and subjected him to unlawful search and seizure and false arrest and imprisonment. (*Id.*, ¶¶ 47-63.) He alleges that he was forced to sign new conditions on July 8, 2015, and new sets since then, with an illegal and unconstitutional condition #13(F). (*Id.*, ¶¶ 76-77.) The Tuckers claim state-law violations for negligence, gross negligence, illegal search and seizure, and false arrest and imprisonment. (*Id.*, Counts One through Eight.) They further assert claims under § 1983 for negligence and gross negligence (Counts Nine, Eighteen, and Nineteen); illegal search and seizure (Counts Ten through Thirteen); false arrest and imprisonment (Counts Fourteen through Seventeen); false arrest and imprisonment due to unlawful parole conditions (Counts Twenty through Twenty-Six and Twenty Eight; and failure to provide medical care (Count Twenty-Seven). He seeks $1,375,000 in compensatory, general, special, punitive, and exemplary damages. (*Id.*, ¶¶ 169-76.)

16 Motion to Dismiss (Doc. 20, p. 2).

17 On August 18, 2017, State Defendants filed a Motion to Dismiss for Failure to State
18 a Claim (Doc. 20). State Defendants assert the FAC fails to state a claim upon which relief
19 can be granted, the State of Arizona and its agencies (including officers in their official
20 capacities) have sovereign immunity, ADC is a non-jural entity and cannot be sued, the state
21 law claims should be dismissed as there is no valid federal claim, the Tuckers failed to serve
22 a Notice of Claim, the state law claims are barred by state law, Counts 1 through 8 and 20
23 through 26 are time-barred, Counts 9, 18, and 19 seek to state claims that do not exist, Counts
24 10 through 17 and 20 through 26 fail to state a deprivation of a constitutional right, and State
25 Defendants are immune or qualifiedly immune.

26 On September 26, 2017, the Court granted the Tuckers' request to file a second
27 amended complaint. The Court stated, "the proposed amendments are technical in nature and
28 do not appear to moot the pending Motion to Dismiss." 9/26/17 Order (Doc. 24, p. 2). The

Tuckers filed a Second Amended Complaint ("SAC") on October 10, 2017. The SAC names the same State Defendants[1] and includes the same 28 counts.

On October 12, 2017, the Tuckers filed a Motion to Conduct Discovery Prior to the Time Specified in the Rule 26(d) and Request Leave of the Court to Extend the Time to Serve Unknown Defendant John Doe and Dismiss Defendants Janes Does (1-10) without Prejudice (Doc. 27). A response (Doc. 28) and a reply (Doc. 30) have been filed.

On October 30, 2017, the Tuckers filed a Motion for Leave of the Court to Attach Audio Recording as an Exhibit to Plaintiff's Response to State Defendants' Motion to Dismiss (Doc. 29). A response (Doc. 32) and a reply (Doc. 33) have been filed.

On November 20, 2017, the Tuckers filed a Request Leave of the Court for an Order to extend Deadline to File Response to State Defendants' Motion to Dismiss (Doc. 34). A response (Doc. 35) and a reply (Doc. 37) have been filed.

On November 27, 2017, the Tuckers filed a Motion for Ruling on State Defendants' Sovereign Immunity Defense (Doc. 36). Defendants have filed a Motion to Deem Plaintiffs' Motion for Ruling as Response to Defendants' Motion to Dismiss (Dkt. 20); Motion to Extend Time to Reply if Plaintiffs' Motion Deemed a Response; Motion for Plaintiffs to Comply with Court Rules (Doc. 38). A response (Doc. 39) and a reply (Doc. 40) have been filed.

II. *Motion for Leave of the Court to Attach Audio Recording as an Exhibit to Plaintiff's Response to State Defendants' Motion to Dismiss* (Doc. 29)

The Tuckers request leave to attach an audio recording of a July 6, 2015, Arizona Board of Executive Clemency Hearing in re: Parole Revocation Hearing for Steven Tucker ADOC #070389 to their response to the Motion to Dismiss. The Tuckers assert the recording contains evidence upon which the SAC "necessarily references and relies upon and is tantamount to the Tuckers' claims." Motion (Doc. 29, p. 2). The Tuckers have provided a

---

[1] The SAC replaces CO II Ratkevick and CIU Zormier with Nicholas Ratkevich and Richard Zormeier.

| | |
|---|---|
| 1 | copy of the recording to the Court. |
| 2 | The Tuckers assert the audio recording should properly be considered with the Motion |
| 3 | to Dismiss as extraneous material that the complaint refers to, is central to the Tuckers' |
| 4 | claims, and to which no party questions the authenticity. *Ranch Realty, Inc. v. DC Ranch* |
| 5 | *Realty*, LLC, 614 F. Supp. 2d 983, 987-88 (D. Ariz. 2007). The Tuckers also assert the audio |
| 6 | recording clarifies allegations in the SAC which are unclear. *Id.* at 988. However, the |
| 7 | meaning of the allegations in the SAC are not unclear. The Motion to Dismiss addresses the |
| 8 | sufficiency of the allegations in the SAC, not whether there is sufficient proof of the |
| 9 | allegations (e.g. testimony that Ryan knew or should have know condition 13(f) was |
| 10 | unconstitutional). Indeed, for purposes of the Motion to Dismiss, the Court will accept as |
| 11 | true the allegations contained within the SAC. *See Cervantes v. United States*, 330 F.3d |
| 12 | 1186, 1187 (9th Cir. 2003) (court must take as true all allegations of material fact and |
| 13 | construe them in the light most favorable to plaintiff); *Scheuer v. Rhodes*, 416 U.S. 232, 236 |
| 14 | (1974) (overruled on other grounds, 457 U.S. 800) (in general, a complaint is construed |
| 15 | favorably to the pleader); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) |
| 16 | (court does not accept as true unreasonable inferences or conclusory legal allegations cast |
| 17 | in the form of factual allegations). Further, the Court has reviewed the copy of the audio |
| 18 | recording provided to the Court and finds the audio recording does not assist in consideration |
| 19 | of the issues presented in the Motion to Dismiss. While *Ranch Realty* permits the |
| 20 | consideration of extraneous material, it does not require such consideration. In light of the |
| 21 | issues presented in the Motion to Dismiss and the clear allegations in the SAC, the Court will |
| 22 | deny this request. |

III. *Request Leave of the Court for an Order to extend Deadline to File Response to State Defendants' Motion to Dismiss* (Doc. 34), *Motion for Ruling on State Defendants' Sovereign Immunity Defense* (Doc. 36) *and Motion to Deem Plaintiffs' Motion for a Pre-Trial Ruling as a Response to Defendants' Motion to Dismiss; Motion to Extend Time to Reply if Plaintiffs' Motion Deemed a Response; Motion for Plaintiffs to Comply with Court Rules* (Doc. 38)

The Tuckers request additional time to file a response to the Motion to Dismiss to

afford them an opportunity to know the Court's ruling on the Motion for Leave of the Court to Attach Audio Recording as an Exhibit to Plaintiff's Response to State Defendants' Motion to Dismiss (Doc. 29) before finalizing and filing their response. Although this is the Tuckers' third request for an extension, the Tuckers have provided a specific reason why the request is being made. Additionally, the Tuckers have requested the Court rule on Defendants' sovereign immunity defense. State Defendants request the Court deem the Tuckers' request for a ruling on the sovereign immunity defense as a response.

As State Defendants point out, the audio recording does not address the issues that are the subject of the Motion to Dismiss. Moreover, the Tuckers' Motion for Ruling on State Defendants' Sovereign Immunity Defense partially addresses the merits of the Motion to Dismiss. Indeed, the Tuckers again assert their claims revolve entirely around the fact that Tucker did not have any valid or enforceable conditions of supervision and release from March 20, 2014 through July 8, 2015. As previously discussed, the Court accepts as true the allegations contained within the SAC. *Cervantes*, 330 F.3d at 1187. Also, the Tuckers do not provide any viable reason why they have not filed *any* response, even without the proposed attachment. The Tuckers propose that the audio recording would clarify allegations in the SAC, but do not state how this affects addressing the legal issues presented in the Motion to Dismiss. The Court finds good cause has not been shown to extend the deadline to file a response. Further, the Court will accept the Motion for Ruling on State Defendants' Sovereign Immunity Defense as the Tuckers' response. However, the Court will deny State Defendants' Motion to Extend Time to Reply if Plaintiffs' Motion Deemed a Response.

IV. *State Defendants' Request for Dismissal Based on Sovereign Immunity* (Doc. 20)

State Defendants assert the Tuckers' claims against the State and its agencies are barred by sovereign immunity. Indeed, "[s]tates are protected by the Eleventh Amendment from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817, amended by, 271 F.3d 910 (9th Cir.2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Furthermore, a suit against an officer in his or her

official capacity is equivalent to bringing suit against the entity (i.e., the State of Arizona) for which the Eleventh Amendment bars damages absent a waiver of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Will v. Mich.Dep't of State Police*, 491 U.S. 58, 71 (1989).

Section 1983 did not abrogate a state's Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341, and Arizona has not waived that immunity with respect to claims brought under Section 1983 in federal court, *Camboni v. Brnovich*, No. CV-15-02538-PHX-JAT, 2016 WL 4271850, at *3 (D. Ariz. Aug. 15, 2016), reconsideration denied, No. CV-15-02538-PHX-JAT, 2016 WL 4592160 (D. Ariz. Sept. 2, 2016), and aff'd, No. 16-16645, 2017 WL 4182114 (9th Cir. June 14, 2017), and aff'd, No. 16-16645, 2017 WL 4182114 (9th Cir. June 14, 2017). Moreover, "[t]he Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101 (citation and internal quotation marks omitted). The "general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Id*. (citation omitted). "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id*. at 101–02 (citation omitted). The Court finds dismissal of the claims against the State and ADC as prohibited by sovereign immunity is appropriate. Moreover, those claims against individual state defendants in their official capacity are similarly required to be dismissed as barred by sovereign immunity. Accordingly, Counts One through Nine, Twenty-Seven, and Twenty-Eight against the State, ADC, and Ryan, along with Counts Nine through Twenty-Six against individually named defendants, will be dismissed.

V. *ADC as a Non-Jural Entity*

State Defendants assert ADC is a non-jural entity and must be dismissed from this action. Indeed, "[s]tate agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Morgan v. Arizona*, 2007 WL 2808477, * 8

(D.Ariz.2007) (citations omitted). An action cannot be brought against a state or county agency that lacks the authority to sue and be sued. *See, Gotbaum ex rel. Gotbaum v. City of Phoenix*, 2008 WL 4628675, *7 (D.Ariz.2008); *see also Braillard v. Maricopa County*, 224 Ariz. 481, 487, ¶ 12, 232 P.3d 1263, 1269 (App. 2010) (citations omitted) ("Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided.").

ADC "is a creation of the Arizona Legislature . . . The enabling legislation for [ADC] does not authorize it to sue or be sued in its own right as a separate and distinct legal entity." *Austin v. State of Arizona*, 2008 WL 4368608,* 5 (D.Ariz.2008). ADC, therefore, is a non-jural entity and cannot be sued. ADC and the claims against ADC will be dismissed.

VI. *State Law Claims*

A. *Notice of Claim*

State Defendants assert the Tucker's Counts One through Eight are barred because the Tuckers failed to serve a Notice of Claim. A.R.S. § "12-821.01(A) requires a person who has a claim against a [public entity or a public employee] to file the claim [with the person authorized to accept service or the individual public employee] within 180 days 'after the cause of action accrues. Any claim not filed within that time 'is barred and no action may be maintained thereon.'" *Barth v. Cochise County, Arizona*, 213 Ariz. 59, 62, 138 P.3d 1186, 1189 (App. 2006) (citation omitted). This requirement "constitutes a 'procedural rather than a jurisdictional requirement[.]" *McGrath v. Scott*, 250 F.Supp.2d 1218 (D.Ariz. 2003).

This "requires that those persons asserting claims against pubic entities or public employees do so by actually delivering or ensuring that the actual delivery of the notice of claim to the appropriate person within the statutory period." *Lee v. State*, 215 Ariz. 540, 544, 161 P.3d 583, 587 (App. 2007); *Harris v. Cochise Health Systems*, 215 Ariz. 344, 351, 160 P.3d 223, 231 (App. 2007). Service of a notice of claim may be made through the actual delivery to a person authorized to accept service or through regular mail. *Lee*. 218 Ariz. at

239.

Here, State Defendants assert the Tuckers have neither mailed nor personally served a notice of claim on the state of Arizona, ADC, or Defendant Ryan. The Tuckers have not disputed this assertion. The Tuckers assert, however, that fear of retaliation from parole officers excuses the failure to provide a Notice of Claim. Arizona does permit the tolling of the Notice of Claim statute in extraordinary circumstances. *Little v. State*, 225 Ariz. 466, Ariz.472, 240 P.3d 861, 867 (Ct. App. 2010). However, Arizona does not toll the statute of limitations for persons while incarcerated, *Goldwater v. Jones*, No. 1 CA-CV 07-0473, 2008 WL 2589134, at *2 (Ariz. Ct. App. June 26, 2008). It is difficult to conclude that fear of retaliation from a parole officer warrants equitably tolling if fear of a retaliation from a prison corrections officer would not warrant equitably tolling.

Moreover, it is not simply that the Tuckers delayed in submitting a Notice of Claim. They have simply failed to submit one at all. The Court finds the Notice of Claim statute has not been complied with and, therefore, dismissal of the state claims against the State, ADC, and Ryan is appropriate.

B. *State Claims Against the State and Required Serious Physical Injury to State a Claim*

Arizona law provides that "[a]ny and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department [of Corrections], within the scope of their legal duty, shall run only against the state. A.R.S. § 31-201.01(F); *Howland v. State*, 169 Ariz. 293, 297, 818 P.2d 1169, 1173 (App. 1991); *Rodrigues v. Ryan*, No. CV16-8272-PCT-DGC (ESW), 2017 WL 6033784, at *4 (D. Ariz. Dec. 6, 2017). As the only proper defendant for the state tort claims is the state of Arizona, the Tuckers' claims against ADC and Ryan in Counts 1 through 8 must be dismissed.

Moreover, Arizona law provides:

> A person who is convicted of a felony offense and who is incarcerated while awaiting sentence or while serving a sentence imposed by a court of law may not bring a cause of action seeking damages or equitable relief from the state or its political subdivisions, agencies, officers or employees for injuries suffered while in the custody of the state or its political subdivisions or agencies unless the complaint alleges

- 8 -

specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute.

A.R.S. § 31-201.01(L). "[S]erious physical injury" as "an impairment of physical condition that creates a substantial risk of death or that causes serious disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ." A.R.S. § 31-201.01(N)(2). The Tuckers have not stated any facts which support an allegation of a serious physical injury. Rather, in the Conclusion of the SAC, the Tuckers allege psychological trauma, emotional anguish, the violation of the right to be free from cruel and unusual punishment, and the right to be free from punishment without due process as the injuries. As no serious physical injury has been alleged, dismissal of Counts One through Eight is appropriate. While the Court recognizes that this deficiency may be cured by a more carefully drafted complaint, such amendment of these claims would be futile because, as previously stated, dismissal of these claims is appropriate for other reasons.

VII. *Statute of Limitations*

State Defendants assert Counts One through Eight should be dismissed as barred by the statute of limitations. *See* A.R.S. § § 12-821 ("All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward."). State Defendants assert the Tuckers' claims accrued on May 3, 2015. The Tuckers' SAC indicates, however, the claims did not accrue until either July 6, 2015 or July 8, 2015. For purposes of this Order, the Court will accept the accrual date of July 8, 2015.[2]

---

[2] Arguably, the Tuckers could not have brought their claims until the Parole Board determined that violations alleged against Tucker were invalid. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (in order to recover damages for injuries caused by actions whose unlawfulness would render a conviction or imprisonment invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus); *Spencer v. Kemna*, 523 U.S. 1 (1998) (Supreme Court assumed, without deciding, *Heck* applies to parole revocations); Federal civil rights action (42 U.S.C.A. § 1983), Law of Probation & Parole § 29:30 (2d).

- 9 -

However, the Tuckers did not file the original complaint until April 28, 2017. Moreover, the Tuckers have not alleged any facts that the statute of limitations should be tolled. *See e.g. Viniegra v. Town of Parker Mun. Prop. Corp.*, 241 Ariz. 22, 27, 383 P.3d 665, 670 (Ct. App. 2016). Again, amendment of the complaint may cure the deficiency, but because the dismissal is appropriate for reasons previously stated, the Court finds amendment would be futile.

VIII. *Section 1983 Negligence and Gross Negligence Claims*

Counts Nine, Eighteen and Nineteen of the SAC seek to state claims for negligence and gross negligence. However, to state a claim for relief under § 1983, a plaintiff must plead "(1) defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (citation omitted). Section 1983 does not provide a cause of action for violations of state law or prison regulations. *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981). Indeed, "[t]he Supreme Court has stated that negligence, whether gross or simple, is insufficient to prove a constitutional violation." *Kennedy v. City of Ridgefield*, 440 F.3d 1091, 1093 (9th Cir. 2006). In other words, the Tuckers' claims for a §1983 constitutional violation based on negligence or gross negligence are not a cognizable claims. Dismissal of Counts Nine, Eighteen and Nineteen, therefore, is appropriate.

IX. *Violations of Parolee – Search*

In Counts Ten, Eleven, Twelve, and Thirteen, the Tuckers allege State Defendants violated their rights by entering their home, searching the home, and seizing property from the home, without probable cause, signed conditions, legal authority, consent, or a valid warrant. However, the Supreme Court has determined that "the Fourth Amendment does not prohibit [an officer] from conducting a suspicionless search of a parolee." *Samson v. California*, 547 U.S. 843, 857 (2006). The Tuckers do not dispute that Tucker was on some form of supervision, whether it was called Home Arrest, Supervision, or Community Parole.

As Tucker was on some form of supervision at the time of the alleged claims, the Court finds the Tuckers have failed to state a claim upon which relief may be granted as to the claims based on searches of a parolee, i.e., Counts Ten, Eleven, Twelve, and Thirteen. Moreover, the Court finds the detention of Tucker on the couch during the search, Count Fourteen, does not state a claim upon which relief may be granted.

X. *Violations of Parolee – Arrest/Detention*

The Tuckers allege State Defendants violated their rights by detaining Tucker in the home, arresting him, transporting and imprisoning him without probable cause, signed conditions, legal authority, consent, or a valid warrant. State Defendants rely on *Samson* and similar authority in requesting dismissal of these claims. However, that authority does not address whether a parolee may be arrested without probable cause. Indeed, State Defendants have not cited to any authority that states a parolee may be arrested without probable cause.

However, the statute relied upon by the Tuckers provides:

> If the parole clerk of the department of corrections or the director of the department of corrections, or the board of executive clemency or any member thereof, has reasonable cause to believe that a paroled prisoner or an offender on community supervision has violated his parole or community supervision and has lapsed or is probably about to lapse into criminal ways or company, then any of such persons may issue a warrant for retaking the prisoner or offender at any time prior to expiration of the maximum sentence or term of community supervision, which time shall be specified in the warrant.

A.R.S. § 31-415. The Tuckers allege State Defendants searched their residence, including electronic equipment. After viewing the electronic equipment, State Defendants obtained a warrant for Tucker's arrest. Under the statute, a violation of conditions is not required. Rather, a search of the electronic equipment provided reasonable cause to State Defendants that Tucker had lapsed or would probably lapse into criminal ways. The issuance of the arrest warrant was lawful following the search. The Court finds the Tuckers have failed to state a claim upon which relief may be granted in Counts Fifteen through Seventeen.

XI. *Conditions of Parole*

The Tuckers allege Tucker was subjected to unlawful conditions of parole because the conditions of home arrest that he had previously acknowledged and signed were superseded or nullified when he signed his Proclamation of Community Parole. However, mere violations of state law or prison regulations are insufficient to entitle an inmate to relief under to 42 U.S.C. § 1983. *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981). In other words, that a State Defendant may not have complied with Arizona requirements does not automatically mean that a constitutional violation has occurred. The Court finds the Tuckers have failed to state a claim upon which relief may be granted in Counts Twenty through Twenty-Six.

XII. *Immunity*

State Defendants also assert that the parole officer defendants are entitled to immunity from the Tuckers' claims. "[A]bsolute immunity 'extend[s] to parole officials for the 'imposition of parole conditions'' because that task is 'integrally related to an official's decision to grant or revoke parole,' which is a "quasi-judicial" function." *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (citing *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir.2004)). The *Swift* court, however, did state that "parole officers are not absolutely immune from suits arising from conduct distinct from the decision to grant, deny, or revoke parole." 384 F.3d at 1186. In other words, parole officers' "immunity for conduct arising from their duty to supervise parolees is qualified." *Thornton*, 757 F.3d at 840.

State Defendant parole officers, therefore, are absolutely immune in their conduct regarding the imposition (or lack thereof) of parole conditions.

In considering whether State Defendant parole officers are entitled to qualified immunity for their conduct in supervising Tucker, the Court recognizes that government officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Liston v. County of Riverside*, 120 F.3d 965, 975 (9th Cir. 1997), citing *Harlow v. Fitzgerald*, 457 U.S.

800, 818 (1982). The defense of qualified immunity allows for errors in judgment and protects "all but the plainly incompetent or those who knowingly violate the law . . . [I]f officers of reasonable competence could disagree on the issue [whether or not a specific action was constitutional], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The Court must determine "whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." *Watkins v. City of Oakland*, 145 F.3d 1087, 1092 (9th Cir. 1998).

The Court agrees with State Defendants that no "reasonable parole officer would expect that, in light of Tucker's dangerous crimes against children, that supervising him on parole or conducting a compliance check while he was undisputedly on parole would violate a clearly established constitutional right." Motion to Dismiss (Doc. 20, p. 12). The Tuckers do not dispute that Tucker was on some parole status. The parole officers objectively could have believed their conduct was lawful in conducting a check of Tucker's residence. The Court finds the parole officers are entitled to qualified immunity.

XIII. *Respondeat Superior Liability*

State Defendants also assert Counts Twenty-Seven and Twenty-Eight (Ryan knew or should have known that (1) the failure to provide necessary medical care would violate rights and (2) Tucker was being coerced into signing an illegal and unconstitutional parole condition) should be dismissed as there is no *respondeat superior* liability in section 1983 cases. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 691 (1978). Indeed, Congress did not intend to "impose liability vicariously on [employers or supervisors] solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell*, 436 U.S. at 692. Supervisory personnel are not generally liable under section 1983 for actions of their employees under a *respondeat superior* theory; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979); *Hansen v. Black*, 885 F.2d 642, 646 (9th

Cir.1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) (supervisory liability in an individual capacity requires: (1) that defendant's "own culpable action or inaction in the training, supervision, or control of his subordinates" caused the constitutional injury, (2) that the defendant "acquiesce[d] in the constitutional deprivations of which [the] complaint is made," or (3) that his conduct showed a "reckless or callous indifference to the rights of others").

Here, the Tuckers' conclusorily allege Ryan knew or should have known of violations. However, the SAC fails to allege specific facts to connect Ryan to any wrongdoing. The Court finds dismissal of these claims to be appropriate.

XIV. *Punitive Damages*

In the Conclusion and Prayer from Relief of the SAC, the Tuckers have requested an award of punitive damages. However, A.R.S. § 12-820.04 states that "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Moreover, under A.R.S. § 41-621(K) "[t]he state and its departments, agencies, boards, and commissions are immune from liability for losses arising out of a judgment for willful and wanton conduct resulting in punitive or exemplary damages." The Court, therefore, will dismiss the Tuckers' request for punitive damages.

XV. *Motion to Conduct Discovery Prior to the Time Specified in the Rule 26(d) and Request Leave of the Court to Extend the Time to Serve Unknown Defendant John Doe and Dismiss Defendants Janes Does (1-10) without Prejudice* (Doc. 27)

As the Court has found that the Tuckers have failed to state a claim upon which relief may be granted, this Court will deny this request as moot.

Accordingly, IT IS ORDERED:

1. The Motion to Dismiss for Failure to State a Claim (Doc. 20) is GRANTED.

 a. Counts One through Nine, Twenty-Seven, and Twenty-Eight against the State, ADC, and Ryan, along with Counts Nine through Twenty-Six

|   |   |   |
|---|---|---|
| | | against individually named defendants, are DISMISSED. |
| | b. | ADC and the claims against it are DISMISSED. |
| | c. | Counts One through Eight against the State, ADOC, and Ryan are DISMISSED. |
| | d. | Counts One through Eight are DISMISSED as being banned by the statute of limitations. |
| | e. | Counts Nine, Eighteen and Nineteen are DISMISSED as non-cognizable claims. |
| | f. | Counts Ten through Seventeen and Twenty through Twenty-Six are DISMISSED for failure to state claim upon which relief may be granted. |
| | g. | Counts Twenty-Seven and Twenty-Eight are DISMISSED for failing to allege a causal link between Defendant and the claimed violations. |
| | h. | The claim for punitive damages is DISMISSED. |
| | i. | The SAC and this action are DISMISSED. |

2. The Motion to Conduct Discovery Prior to the Time Specified in the Rule 26(d) and Request Leave of the Court to Extend the Time to Serve Unknown Defendant John Doe and Dismiss Defendants Jane Does (1-10) without Prejudice (Doc. 27) is DENIED AS MOOT.

3. The Motion for Leave of the Court to Attach Audio Recording as an Exhibit to Plaintiff's Response to State Defendants' Motion to Dismiss (Doc. 29) is DENIED.

4. The Request Leave of the Court for an Order to extend Deadline to File Response to State Defendants' Motion to Dismiss (Doc. 34) is DENIED.

5. The Motion for Ruling on State Defendants' Sovereign Immunity Defense (Doc. 36) is GRANTED to the extent the Court herein rules on State Defendants' Sovereign Immunity Defense.

6. The Motion to Deem Plaintiffs' Motion for Ruling as Response to Defendants' Motion to Dismiss; Motion to Extend Time to Reply if Plaintiffs' Motion Deemed a Response; Motion for Plaintiffs to Comply with Court Rules (Doc. 38) is GRANTED IN PART AND DENIED IN PART.

7. The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 6th day of June, 2018.

_____
Cindy K. Jorgenson
United States District Judge