**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Lee Tucker,<br><br>    Plaintiff,<br><br>vs.<br><br>Don Verrett, et al.,<br><br>    Defendants. | No. CIV 17-192-TUC-CKJ<br><br>**ORDER** |

    Pending before the Court is the Request for Leave of the Court to File a Third Amended Complaint (Doc. 72) filed by Plaintiff Steven Lee Tucker ("Tucker"). The proposed First Amended Complaint and a blackline version of the Complaint are attached to the Motion. *See* ECF Policies and Procedures Manual § II.H. A response (Doc. 74) and a reply (Doc. 76) have been filed. Tucker has also attached a corrected proposed Third Amended Complaint. The Court will consider this corrected proposed Third Amended Complaint in considering Tucker's Motion.

    Tucker asserts he seeks leave to amend his claims in a Third Amended Complaint to more precisely articulate the claims, remove non-material information, and better demonstrate constitutional rights violations. Defendants argue, however, Tucker's "admission that he intended 'to show unequivocally that the Defendants violated" his rights and that he "is indeed entitled to relief" (Doc. 72 at 2), shows that his proposed Third Amended Complaint along with his arguments and exhibits, is more like a summary-judgment motion than a pleading." Response, p. 4.

I. *Amend or Supplement Complaint*

Where a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). In determining whether an amended pleading should be permitted, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, Tucker's additional allegations involve conduct and damages for actions other than that which occurred during the alleged unlawful arrest and imprisonment claims. Such a request would more appropriately be considered a request to supplement. *See* Fed.R.Civ.P. 15(d) (a supplemental pleading may be used to set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"); *see also* Wright & Miller, Federal Practice and Procedure, § 1504 (3d ed. April 2013) ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15."). "Generally, the standard used by district courts in deciding whether to grant or deny a motion for leave to supplement is the same standard used in deciding whether to grant or deny a motion for leave to amend a complaint or answer." *Womack v. GEO Group, Inc.*, CV–12–1524–PHX–SRB (LOA), 2013 491979 *5 (D.Ariz. Feb. 8, 2013) Fed.R.Civ.P. 15(a)(2).

As another district court has summarized:

> The Ninth Circuit has made clear that Rule 15(d) should "[n]ot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.1997) (citing, *inter alia*, 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action"). The "only requirement is that 'some relationship' exist between the original claims and those being added." *Aten Int'l. Co., Ltd v. Emine Tech. Co., Ltd.*, 2010 WL 1462110, at *3 (C.D.Cal. April 12, 2010) (quoting [*Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir.1988)

> ("While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction."). There is little recent case law authorizing a supplemental complaint to add new parties, but the authority that does exist requires the new parties be connected with the original action. *See Griffin v. County Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226–227, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964).

*Womack*, 2013 WL 491979 at * 5. Tucker's post-incident supplemental allegations could be the subject of a separate action. However, the conduct is all related.

A. *Bad Faith*

Defendants argue Tucker is acting in bad faith in seeking to amend his complaint. because the proposed pleading includes additional conclusory arguments and appears to be presenting summary judgment type arguments rather than seeking to sufficiently state claims. Tucker asserts his proposed pleading reads more like a dispositive motion because of the merits included in the document. Rather, he asserts he is utilizing facts to demonstrate the questions before the Court. The Court finds there is no basis to conclude Tucker is acting in bad faith in seeking to file a Third Amended Complaint. The Court finds this factor is neutral.

B. *Undue Delay*

Tucker asserts he only obtained additional information to amend his pleading from documents disclosed to him through the discovery process. Defendants assert, however, that the bulk of new factual allegations are based on what Tucker knew or should have known when he filed his original Complaint. In other words, it could be argued Tucker delayed including information known to him through the filing of the Second Amended Complaint. However, delay alone is not generally a sufficient justification for denying a motion to amend unless a court also specifically finds prejudice to the opposing party, bad faith of the moving party, or futility of amendment. *Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir.1999). "[I]n evaluating undue delay, [the Court inquires] whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Segal*

*v. Rogue Pictures*, 544 F. App'x 769, 770 (9th Cir. 2013), *citing AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir.2006). The Court also considers whether the delay "prejudices the nonmoving party or imposes unwarranted burdens on the court." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012).

Here, Tucker states the disclosure provides indisputable proof of Defendants' conduct. However, Tucker "is not required to plead his evidence 'or specific factual details not ascertainable in advance of discovery.'" *Panah v. California Dep't of Corr. & Rehab.*, No. 14-00166 BLF (PR), 2018 WL 3777568, at *1 (N.D. Cal. Aug. 8, 2018), *quoting Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987). Moreover, it appears most of the additional allegations are based on information that Tucker knew or should have know of when he filed his original Complaint. Although Tucker's additional allegations appear to be an attempt to include conduct other than based on the May 3, 2015, unlawful arrest and imprisonment claims, such amendment or supplementation would simply expand on the allegations previously made. The inclusion of the additional allegations does not prejudice Defendants nor place undue burdens on the Court.

The Court finds this factor is neutral. *See e.g., Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) ("Whether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date.")

C.  *Prejudice to the Opposing Party*

The Court finds that any prejudice to Defendants in this case is minimal. It is this consideration that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court considers that "generally a party will not be deemed prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence alleged in the original pleading, or if the opposing party is otherwise aware of the facts contained in the amended pleading." 61A Am. Jur. 2d Pleading

1  § 724, *citations omitted*. In this case, the proposed amendment/supplement is related to the
2  conduct alleged in the Second Amended Complaint. *See* Fed.R.Civ.P. 15(d) (court may
3  permit party to serve supplemental pleadings "setting out any transaction, occurrence or
4  event that happened after the date of the pleading sought to be supplemented"); *Planned*
5  *Parenthood*, 130 F.3d at 402 (in discussing supplemental pleadings, stating that it "cannot
6  be used to introduce a 'separate, distinct and new cause of action'"); *see also Jackson v. Bank*
7  *of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) (continued litigation on a new theory, with the
8  possibility of additional discovery, may constitute prejudice such that leave to amend should
9  be denied).

10  Further, prejudice may be found where the "parties have engaged in voluminous and
11  protracted discovery" prior to amendment, or where "[e]xpense, delay, and wear and tear on
12  individuals and companies" is shown. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.1994),
13  *overruled on other grounds*; *see also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387–88 (9th
14  Cir.1990) (prejudice exists where permitting plaintiff to file an amended complaint will lead
15  to "the nullification of prior discovery," increase "the burden of necessary future discovery,"
16  and the "relitigation of a [previously-decided] suit"). In their response, Defendants do not
17  specify how they would be prejudiced by the proposed amendments/supplements. Indeed,
18  the parties are currently engaging in discovery, with a September 7, 2011, deadline.
19  Defendants have not asserted or shown that an amended/supplemented complaint would
20  increase the burden of discovery.

21  While granting Tucker's request may result in additional discovery, it appears it would
22  be a limited increase. In other words, the Court finds Defendants would only be minimally
23  prejudiced by the proposed amendments/supplements.

24  This factor weighs in favor of permitting the amendment/supplementation.

25

26  D. *Futility of Amendment/Supplementation*

27  "[L]eave to amend should be denied as futile 'only if no set of facts can be proved
28  under the amendment to the pleadings that would constitute a valid and sufficient claim or

defense[.]'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018), *citation omitted see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Here, however, it is not that no set of facts could be provided to establish a valid clause, but that Tucker has already alleged sufficient facts in prior pleadings to state a claim upon which relief may be granted. Tucker's proposed amendment/supplement could be considered as superfluous. *See e.g., Sims v. Cabrera*, No. 1:12-CV-01904-LJO, 2014 WL 6893776, at *3 (E.D. Cal. Dec. 8, 2014) (proposed amendments "are futile in that they would add purely superfluous facts to the pleading"); *Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2016 WL 1718189, at *23 (N.D. Cal. Apr. 29, 2016) ("leave to amend is not an invitation for Plaintiff to include more redundant and unnecessary facts").

However, Tucker's proposed pleading, although adding superfluous language, does present his claims in a more cohesive manner. As such, the amended pleading would benefit all parties and the Court. The Court finds, therefore, allowing the proposed amendments/supplements would not be futile. he Court finds this factor weighs in favor granting Tucker's request.

E.  *Previous Amendments*

Tucker has twice previously amended his complaint. While the prior amendments may not have been substantive, the Court nonetheless considers that he previously had an opportunity to include additional information in his Complaint. The Court finds this factor is neutral.

II.  *Granting Leave to Amend/Supplement*

Here, permitting the amendment/supplementation would cause minimal prejudice to Defendants and would not be futile. These factors weigh in favor of granting Tucker's request. *See Bonin*, 59 F.3d at 845 (the factors are not given equal weight); *Eminence Cap.*, 316 F.3d at 1052 ("it is the consideration of prejudice to the opposing party that carries the

greatest weight"). The neutrality of the other factors do not outweigh these factors. *See* Fed.R.Civ.P. 15(a) (leave to amend should be freely granted when justice so requires). The Court will grant the Motion.

Accordingly, IT IS ORDERED the Request for Leave of the Court to File a Third Amended Complaint (Doc. 72) is GRANTED. Tucker shall file the Third Amended Complaint on or before June 11, 2021. *See* ECF Policies and Procedures Manual §II.H. ("If the motion to amend is granted, the party seeking the amendment must file the amended pleading with the court and serve it on the other parties. It will not automatically be filed by the Clerk's Office.").

DATED this 26th day of May, 2021.

*[signature]*
Cindy K. Jorgenson
United States District Judge